UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY R. CONWAY,

      Plaintiff,

Case No. 4:05-CV-147

v.

Hon. Richard Alan Enslen

JUNE STEVENS, PAMELA PRICE
and JEFF LONG,

**ORDER**

      Defendants.

_____/

This suit is brought under the Family and Medical Leave Act of 1993 ("FMLA"). It is a related case to Plaintiff Timothy R. Conway's FMLA suit against his employer, Stryker Medical Division, for discharging him while on FMLA leave, *Conway v. Stryker*, Case No. 4:05-CV-40. In this suit, Plaintiff has separately sued supervising Stryker employees, Defendants June Stevens, Pamela Price and Jeff Long, who he alleges interfered with his right to exercise FMLA leave. *See* 29 U.S.C. §§ 2615(a)(1), 2619(a)(1)-(2).[1] The matter is now before the Court to decide Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. Oral argument is unnecessary given the briefing. *See* W.D. Mich. L.Civ. R. 7.2(d).

This Motion presents matters outside the pleadings. Since those matters will not be excluded, the Motion should be interpreted as one brought under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b). Under Rule 56(c), summary judgment is proper if the pleadings,

---

[1] Since FMLA defines the "employer" to include supervising employees acting on behalf of the employer, these persons have potential liability under FMLA. *See* 29 U.S.C. § 2611(4)(A); *Stubl v. T.A. Systems, Inc.,* 984 F. Supp. 1075, 1082 (E.D. Mich. 1997); *Brewer v. Jefferson-Pilot Standard Life Ins. Co.*, 333 F. Supp. 2d 433, 437 (M.D.N.C. 2004) (citing cases).

depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment is not appropriate on this record.[2] The record may be interpreted to find that Defendants (even after the 12-week FMLA leave period) treated Plaintiff as on FMLA leave and both implied to him and recorded in company paper work that he was properly on FMLA leave. (*See* Pl.'s Ex. 1 at 17, 18, 45, 83, 94; Pl's Ex. 3; Pl.'s Ex. 4 at 31, 38, 68; Pl.'s Ex. 6; Pl.'s Ex. 7 at 9 & 20.) The record may also be interpreted to equitably estop Defendants from denying that the company-authorized FMLA leave period had been extended in favor of Plaintiff given the company records, communications and failure to warn Plaintiff of the expiration of FMLA leave.[3] *See Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000) (citing cases); *Kosakow v.*

---

[2]Defendants' Motion also raised an abstention argument. That argument is properly rejected for the reasons given at page 3 of Plaintiff's Response–*Colorado River* abstention cannot apply in the absence of a competing state suit. Also, as noted above, Defendants' argument that this suit is redundant of the earlier filed suit is simply mistaken and looks past the different allegations presented in this suit.

[3]Defendants have also argued that equitable estoppel may not apply because it was not sufficiently pled in the Complaint. This is false in that the factual circumstances giving rise to this theory are sufficiently asserted in paragraphs 8 through 12 of the Complaint, and the Court reads those factual allegations as asserting the equitable estoppel theory. Also, it is noted that this determination is made early in this suit so that Defendants have ample time to prepare to defend against this theory. The case of *Tucker v. Union of Needletrades, Industrial*, 407 F.3d 784, 787 (6th Cir. 2005), allowed the rejection of an equitable estoppel theory when it was not adequately pled and when the motion for summary judgment was filed some two years after the complaint (*i.e.,* close to trial)–circumstances which are not present here.

*New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 724-27 (2nd Cir. 2001). As such, there is a genuine issue of material fact as to whether during the purported extended FMLA leave period said Defendants interfered with Plaintiff's exercise of FMLA rights as regarding him, without sufficient prior notice or instruction, as absent without leave and terminating him.[4]

**THEREFORE, IT IS HEREBY ORDERED** that Defendants June Stevens, Pamela Price and Jeff Long's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 4) is **DENIED**.

DATED in Kalamazoo, MI:
April 18, 2006

    /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Defendants Stevens and Price have potential liability in that they directly were responsible for Plaintiff's termination. Defendant Long did not directly participate in the decision to terminate Plaintiff, but nevertheless has potential liability due to his role in record keeping, his failure to sufficiently inform Plaintiff that the company was not authorizing an extended FMLA leave as to the days for which Plaintiff was regarded as absent without leave, his failure to inform Plaintiff of the nature of his FMLA rights, his failure to provide clear instructions to Plaintiff regarding the exercise of FMLA rights, and his failure to authorize implicitly promised FMLA leave. *See Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 454-55 (6th Cir. 2005); *Wilkerson v. AutoZone, Inc.*, 152 Fed. Appx. 444, 449 (6th Cir. Oct. 17, 2005); 29 C.F.R. § 825.220.